IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACE STOVALL, | ) |
|     Plaintiff, | ) ) |
| v. | ) No. 23-cv-01761 |
| | ) Judge Martha Pacold |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT MCCARTY"S MOTION TO DISMISS

Defendant Amy McCarty respectfully moves this Honorable Court to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim to relief, and in support thereof, states as follows:

## INTRODUCTION

Plaintiff sued more than thirty defendants, including fifteen Chicago Police officers, for alleged violation of her rights under 42 U.S.C. § 1983. (ECF No. 8) The fourteen Count complaint claims (1) Unlawful/Unreasonable Search, (2) Unreasonable Seizure, (3) Excessive Force, (4) Failure to Intervene, (5) Indemnification, (6) Monell Liability, (7) RICO Racketeering Police Robbery Home Invasions, (8) Stalk & Terrorize, (9) Failure to Service and Protect a Victim, (10) Tampering with Physical Evidence and Willful Fabrication of Physical Evidence, (11) Cyber Theft of Federal Court Emails, (12) Stalking, Terrorizing, and Illegal Photography, (13) Criminal Contempt of Court, (14) Retaliation against a Whistleblower.

The complaint mentions Amy McCarty only in five Counts: 1, 7, 8, 10, and 11. (ECF No. 8 ¶¶ 23, 55-60, 62, 70, and 73) In each mention of McCarty plaintiff states only that McCarty "acted in concert" with other defendants without articulating McCarty was even there or had any

actual involvement in any of the conduct alleged, a requirement for § 1983 liability. Accordingly the claims against McCarty should be dismissed with prejudice.

## MCCARTY JOINDER WITH 12(b)(6) MOTIONS OF OTHER DEFENDANTS

Although McCarty is not a government employee, there are overlapping pleading deficiency issues of law common among all defendants that defeat this claim and require its dismissal. Defendant McCarty hereby joins in, and adopts by reference and to the extent the same arguments are also pertinent in her defense, the entirety of the City of Chicago Defendants' Motions to Dismiss (Brown - ECF No. 53; Eric Carter - ECF No. 54; Lori Lightfoot - ECF No. 54; City of Chicago - ECF No. 55; Flessner - ECF No. 57; and Chicago police officers - ECF No. 60) and private/civil attorney Loufti (ECF No. 22). This adoption by reference specially includes adoption of the motions and briefs filed by the City of Chicago Defendants and Loufti, including the facts, arguments, and legal citations in support of same, as if fully stated herein, on behalf and from the perspective and position of Amy McCarty.

## STATEMENT OF FACTS

The 3/20/2023 complaint centers on events that supposedly occurred between 4/4-4/7/2021, when certain named defendants entered Plaintiff's residence located on the third floor of 5114/5112 S. Ingleside, Chicago, Illinois. Compl. ¶ 6, 8. Defendant McCarty is not alleged to have been present or to have participated directly in the 4/4-7/2021 events which underpin the Complaint.

Plaintiff asserts Defendants Michael Blanchard, Steven Robinson, Deeatra Love Blanchard, Mark Blanchard, Kushala Vora, along with several other "unknown" individuals, entered Plaintiff's apartment, struck her on the head with a 2 x 4 beam and an iron chair, and sprayed Plaintiff in her eyes and face with mace while she was calling 911. Compl. ¶ 6, 7, 8.

Plaintiff claims she brought numerous police reports – including one from the incident on April 4th – to her local police station and allegedly "signed warrants for the arrest" of the individuals who she claimed had entered her residence and allegedly attacked her the previous day. *Id*.

On 4/7/2021 Plaintiff alleged a second entry at her residence, this time by Defendants Townsend, Genera Brown and "unidentified Chicago Police Officers" which led to her being handcuffed, arrested, and placed into custody. Compl. ¶ 9, 18, 20, 27, 30. As a result, Plaintiff allegedly suffered emotional anxiety, fear, pain, trauma, "police brutality bruises," lacerations, swelling, along with nerve damage to her wrists, fingers, and hands. *Id*. Officers searched plaintiff's person. *Id*. at 20, 22. Other allegations appear to emanate from the core events alleged from 4/4-7/2021, such as a claim that certain Defendants allegedly altered, removed, or destroyed unidentified records (Count X), and "used their personal computers to steal, print and disseminate the Plaintiff's private information to third parties including the Plaintiff's Federal Court emails and information involving" her (unidentified) case, and "caused her to miss critical deadline dates" in an unnamed case (Count XI).

Nowhere in the Complaint is McCarty alleged to have directly done anything: wherever she is mentioned it is merely alleged she "acted in concert" with numerous others.

## LEGAL STANDARD

To survive a motion to dismiss under F.R.C.P. 12(b)(6), the plaintiff's allegations must "state a claim that is plausible on its face." *Rao v. B.P. Products North America, Inc.*, 589 F.3d 389, 398 (7th Cir. 2009) (Citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). Whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is case-specific and "requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th

Cir. 2011). That means a plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in a light most favorable to the plaintiff; however, mere conclusory statements are insufficient to survive a motion to dismiss. *Doe v. Village of Arlington Heights*, 782 F.3d 911, 914-15 (7th Cir. 2015). Mere legal conclusions "couched as a factual allegation [*Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)] and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not bind or restrict the Court's judgment as they are insufficient. *Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013).* Simply put, a pleading will be dismissed if it offers only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

McCarty was neither involved nor connected, in even the most indirect way, to any of the events alleged in the complaint, and should never have been sued by plaintiff.

### I. Failure to plead personal involvement is fatal to plaintiff's claim.

Pleading personal involvement sufficiently is a prerequisite to maintaining a § 1983 claim and plaintiff fails to cross that threshold. Glaringly obvious in the complaint is the absence of any factual allegations suggesting any personal involvement of McCarty in any misconduct.

No liability lies for individuals in § 1983 actions unless the individual personally caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (1983). Plaintiffs fail at the pleadings stage where they cannot show an individual caused the

4

constitutional deprivation at issue. *Gonzales v. McHenry County, Illinois*, 40 F.4th 824, 828 (7th Cir. 2022); *Ree v. City of Chicago*, 22 CV 4284, 2023 WL 3123761, at *6 (N.D. Ill. Apr. 27, 2023). Details as to "who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars." *Atkins v. Hasan*, No. 15-cv-203, 2015 WL 3862724 at *2 (N.D. Ill. June 22, 2015) (*citing Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)) (emphasis in original).

Stovall's complaint fails this minimal standard as to McCarty, whose name appears by passing mention in only five Counts: 1, 7, 8, 10, and 11 (ECF No. 8 ¶¶ 23, 55-60, 62, 70, and 73), and in each mention of McCarty plaintiff states only that McCarty "acted in concert" with other defendants, without articulating McCarty was even there or had any actual involvement in any of the conduct alleged. Not one allegation in the complaint describes McCarty actually being present, or acting in any specific way at all, in relation to the wrong conduct alleged.

Absent any proper factual allegation identifying how defendant had any part of the *res gestae* alleged means plaintiff relies on speculation and innuendo, and improperly groups defendants together as if they are a single actor while conclusively asserting they "acted in concert" to violate her rights. Such impermissible group pleading requires dismissal of the complaint. *See*, e.g., *Liera*, 2014 WL 3921359, at *3 (plaintiff failed to allege how 35 defendants participated in the alleged conduct); *Ree v. City of Chicago*, 22 CV 4284, 2023 WL 3123761, at *6 (N.D. Ill. Apr. 27, 2023) (Reading the complaint's allegations "sensibly and as a whole," and taking into consideration the additional information provided by the parties at the hearing in this matter, the Court is still left with "genuine uncertainty regarding who is responsible for what.").

5

Dismissal of Stovall's complaint against McCarty is mandated given plaintiff's failure to provide well-pleaded facts for plausible claims against her for which relief could be granted.

**II. Obvious pleading deficiencies doom the complaint.**

Aside from the unreasonable search claim plaintiff tries to allege in Count I, the remaining claims where plaintiff includes McCarty fail not just for lack of McCarty's involvement but also for failure to state cognizable claims. McCarty is lumped in with multiple defendants under various conspiratorial theories: RICO (Count 7), "stalk and terrorize" (Count 8), tampering with evidence (Count 10), "cyber theft" documents filed through ECF (Count 11). These Counts either lack sufficient well-pled facts to state a claim, lack a proper legal foundation in federal or state law, or contain only conclusory allegations that do not even meet the pleading standards and fail to plead personal involvement.

**A. Deficiency of Count 7 RICO claim.**

Plaintiff completely failed to adequately plead the particulars of that claim, including pleading proof that the defendants engaged in a "pattern of racketeering activity." *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 939 (7th Cir. 1988). Alleged civil rights violations do not fall under "racketeering activity" which is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing with obscene matter, or dealing in a controlled substance or listed chemical." 18 U.S.C. § 1961(1). In fact nowhere in the complaint does plaintiff successfully allege any type of racketeering activity as defined by the RICO statute, therefore the Count should be dismissed.

**B. Deficiency of Count 8 stalk and terrorize claim.**

Plaintiff similarly states no constitutional violation here, where she vaguely alleges a group of defendants 'acted in concert' to "commit malicious stalking, terrorizing, and hunting

the Plaintiff" and "illegally interfere in the Plaintiff's private affairs." ECF No. 8 at ¶ 62. Nowhere in this word salad is McCarty even remotely put on notice as to what plaintiff is alleging McCarty did or how/what law(s) might have been broken.

### C. Deficiency of Count 10 tampering with evidence claim.

This Count continues the vague, insufficient generalities of the complaint in alleging McCarty and various defendants "acted in concert. . . to alter, destroy, conceal and remove records, documents and things with purpose to impair its verity and impair its availability in such proceedings and investigations; and [m]ade, presented, fabricated, falsified records, documents, instruments and thing knowing it to be false and with the purpose to deceive and mislead authorities who are engaged in such proceedings and investigations." (ECF No. 8 ¶¶ 66, 67.) Nowhere does plaintiff allege specifically what "evidence" was tampered with or when.

A second basis for failure of Count 10 is that it does not identify a constitutional right or interest separate and apart from § 1983. *See Edwards v. David*, 2017 WL 2653077, at *7 (N.D. Ill. 2017). Moreover any due process violation claim about tampered evidence could only approach sufficiency if falsified evidence was used to convict her. *See Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). But plaintiff was never convicted of any offense so any alleged fabrication is irrelevant and Count 10 should be stricken.

### D. Deficiency of Count 11 cyber theft claim.

All the same pleading problems repeated here – failure to show who did what and when, failure to show McCarty actually did anything, failure to show what was allegedly stolen and how/when/where stolen – are again obvious. Count 11 claims some group of defendants "used their personal computers to steal, print and disseminate the Plaintiff's private information to third parties including the Plaintiff's Federal Court emails and information involving her case sent to

7

the Plaintiff on the United States District Federal Court ECF system." (ECF No. 8 ¶ 73.) Aside from the obvious pleading failures, it is not even clear if the information was obtained from one of plaintiff's publicly available, previously filed lawsuits.

Stovall has prior cases in the United States District Court for the Northern District of Illinois Eastern Division: Grace Laura Stovall v. Illinois Workers Compensation Commission, et al. (11-cv-5945), Grace Stovall v. Circuit Court of Cook County Law Division (14-cv-6988), Grace L. Stovall v. City of Chicago, et al. (16-cv-4004), Grace Stovall El v. Racker, et al. (16-cv-9227), Grace L. Stovall v. McCarty, et al. (17-cv-4762), and Grace L. Stovall v. Lightfoot, et al. (23-cv-1761). While unspecified, the information plaintiff complains about was probably placed by her into the Court's ECF system, and so is not private and is available to the public. *Mancini L. Grp., P.C. v. Schaumburg Police Dep't*, 2021 IL 126675 (Waiver of an individual's interest in private information has been found where the individual voluntarily divulged the information at issue and placed it into the public domain); *see also The Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995); *Chasensky v. Walker*, 740 F.3d 1088, 1097 (7th Cir. 2014); *see also Willan v. Columbia Cnty.*, 280 F.3d 1160, 1163 (7th Cir. 2002). Since the information plaintiff apparently alleges to have been "stolen" was publicly available Count 11 must also be dismissed with prejudice.

**III. The dismissal should be with prejudice.**

The complaint against McCarty should be dismissed with prejudice because the defects cannot be cured in an additional amended pleading. While F.R.C.P. 15(a)(2) allows a court to grant leave to amend a complaint under certain circumstances [e.g. *Allen v. Brown Advisory*, LLC, 41 F.4th 843, 853 (7th Cir. 2022] the court has broad discretion "to deny leave to amend when it has 'good reason' for doing so, such as futility, undue delay, prejudice to another party,

or bad-faith conduct." *Id*. (citing *Liebhart v. SPX Corp*., 917 F.3d 952, 964 (7th Cir. 2019). Furthermore, amendment is considered futile if it would not withstand a motion to dismiss. *Gonzalez-Koneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, dismissal with prejudice is appropriate because the claims against McCarty are improperly pled – McCarty was not present and has not even the most tenuous connection to the events alleged here –so no additional well-pleaded facts could plausibly cure the defect. Amendment would be futile and would not withstand a motion to dismiss.

## CONCLUSION

For the reasons set forth herein, Defendant McCarty respectfully requests that this Honorable Court dismiss Plaintiff's Complaint, *with prejudice*, and for any further relief this Court deems just.

LAW OFFICE OF STACY BERT WALKER

/s/ David A. Sorensen
_____
David A. Sorensen
Attorney for Defendant McCarty

Law Office of Stacy Bert Walker
333 South Wabash Avenue 25th Floor
Chicago, IL 60604
312-822-6789 - Attorney Direct Dial
David.Sorensen@CNA.com
Attorney I.D. No. 6216888

**CERITIFICATE OF SERVICE**

I, David Sorensen, an attorney certify that on April 22, 2024, I served a copy of this Motion upon all counsel by filing same before the Court via the ECF System.

/s/David A. Sorensen

_____

David A. Sorensen